

RECEIVED
IN LAKE CHARLES, LA.

SEP 27 2016

TONY R. MOORE, CLERK
BY_____
          DEPUTY

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| SCHUMACHER HOMES OF LOUISIANA, INC., et al., Plaintiffs | * * * | CIVIL ACTION NO. 2:16-cv-00423 |
| | * | JUDGE MINALDI |
| v. | * * | |
| R.E. WASHINGTON CONSTRUCTION LLC, et al., Defendants | * | MAGISTRATE JUDGE KAY |

**************************************************************************

## MEMORANDUM RULING

Before the court is a Motion to Dismiss Plaintiffs' Claims (Rec. Doc. 14) filed by

defendants Angel and Michael Carroll (the Carrolls), an Opposition to the Motion to Dismiss

Plaintiffs' Claims (Rec. Doc. 22) filed by plaintiffs Schumacher Homes of Louisiana, Inc. and

Schumacher Homes Operations, Inc. (collectively Schumacher), and a Reply (Rec. Doc. 23) filed

by the Carrolls. Also before the court is a Motion to Dismiss Cross-Claims (Rec. Doc. 15) filed

by the Carrolls, an opposition to the Motion to Dismiss Cross-Claims (Rec. Doc. 19) by R.E.

Washington Construction, LLC  and Roy Washington (collectively Washington), and a reply

(Rec. Doc. 20) filed by the Carrolls. For the following reasons, the Carroll's Motion to Dismiss

Plaintiffs' Claims (Rec. Doc. 14) will be **DENIED** in part and **GRANTED** in part. And the

Carrolls' Motion to Dismiss Cross-Claims (Rec. Doc. 15) will be **DENIED** in part and

**GRANTED** in part.

## FACTS & PROCEDURAL HISTORY[1]

In 2012, the Carrolls visited a Schumacher showroom, and shortly after, Schumacher

prepared a custom home plan for the Carrolls, the Highpoint Custom Design. The Highpoint

Custom Design is based on two registered copyrights owned by Schumacher: the "Homestead

---

[1] All facts are based on the plaintiffs' complaint (Rec. Doc. 1) unless otherwise noted.

1/99" architectural work and the "Homestead House Plan" technical drawings copyrights. Schumacher provided the Carrolls access to the Highpoint Custom Design, and the Carrolls then gave the custom-made plans to Washington and an unknown draftsperson. Washington maintains that it was unaware that the plans were inspired by or created by Schumacher.[2] The defendants used Schumacher's plans to design and construct a home that is substantially similar to the Highpoint Custom Design and the two registered copyrights. In March 2016, Schumacher filed suit against the Carrolls, Washington, and an unknown draftsperson, alleging five main claims: copyright infringement of an architectural work, copyright infringement of technical drawings, unfair competition under 15 U.S.C. § 1125, conversion under Louisiana state law, and unjust enrichment under Louisiana state law.[3] Washington filed an answer which included a cross-claim against the Carrolls, seeking indemnity for any liability it might incur.

The Carrolls filed a Motion to Dismiss all claims alleged against them by Schumacher (Rec. Doc. 14) and a Motion to Dismiss Cross-Claims alleged against them by Washington (Rec. Doc. 15) regarding indemnity for the copyright infringement claims, the conversion claim, and the unjust enrichment claim.

## LAW & ANALYSIS

An action can be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if the claimant fails "to state a claim upon which relief can be granted." Motions to dismiss are generally "viewed with disfavor and [should be] rarely granted." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (quoting *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003)). "[The] Court construes the [claims] liberally in favor of the [claimant], and takes all facts pleaded … as true." *Id.* (quoting *Gregson*, 322 F.3d at 885). To

---

[2] Answer (Rec. Doc. 10), para. 74.
[3] Compl. (Rec. Doc. 1). All of the claims were filed against all defendants, except for the unfair competition claim, which was filed against Washington only.

survive a motion to dismiss, a claimant must plead "enough facts to state a claim to relief that is

plausible on its face," making the right to relief more than merely speculative. *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555, 570 (2007).  "Determining whether a complaint [or counterclaim]

states a plausible claim for relief [is] a context-specific task that requires the reviewing court to

draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### A. Schumacher's Copyright Claims

First, the Carrolls argue that Schumacher's copyright infringement claims should be

dismissed. For the following reasons, the Motion to Dismiss the copyright claims will be denied.

Before bringing a copyright infringement action, a plaintiff must register or preregister its

copyright. 17 U.S.C. § 411(a). This registration requirement also applies to owner-created

derivative works, which are adaptations of original copyrighted material. *See Creations*

*Unlimited, Inc. v. McCain,* 112 F.3d 814, 816 (5th Cir. 1997), abrogated on other grounds by

*Reed Elsevier, Inc. v. Muchnic*, 559 U.S. 154 (2010).  Therefore, to determine whether the

defendant infringed on a copyright when the action involves an unregistered derivative work, the

factfinder may only compare the allegedly infringing material to the registered, copyrighted

material. *See id.*

To present a valid a copyright infringement claim, a plaintiff must allege "(1) ownership

of a valid copyright and (2) unauthorized copying." *Peel & Co. v. The Rug Mkt.*, 238 F.3d 391,

394 (5th Cir. 2001) (citing *Alcatel USA, Inc. v. DGI Technologies, Inc.*, 166 F.3d 772, 790 (5th

Cir. 1999); *Norma Ribbon & Trimming, Inc. v. Little*, 51 F.3d 45, 47 (5th Cir.1995)). The

factfinder can infer unauthorized copying from "(1) proof that the defendant had access to the

copyrighted work prior to creation of the infringing work and (2) probative similarity." *Id.*  The

copying is legally actionable, if the factfinder, after conducting a side-by-side comparison

between the original and the copy, determines that a layman would consider the works "substantially similar." *Id.* This comparison can be made in a 12(b)(6) Motion to Dismiss if both the original and the copy are submitted with the pleadings. *Randolph v. Dimension Films*, 634 F. Supp. 2d 779, 787 (S.D. Tex. 2009) (citing several cases including, *Taylor v. IBM*, 54 F. App'x 794 (5th Cir. 2002)).

Here, Schumacher sufficiently alleged that its infringed copyrights are registered. Based on the complaint, the Highpoint Custom Design[4] created for the Carrolls by Schumacher is a nonregistered derivative of Schumacher's registered "Homestead 1/99"[5] architectural work and "Homestead House Plan"[6] technical drawings. Therefore, the allegedly copied blueprints created by the defendants must be compared to the registered "Homestead 1/99" architectural work and "Homestead House Plan"[7] technical drawings and cannot be compared with the Highpoint Custom Design. *See Creations Unlimited, Inc.,* 112 F.3d at 816. While the Carrolls contend that the Highpoint Custom Design is too different from the registered copyrights to be a derivative work,[8] this highly factual question cannot properly be resolved during a motion to dismiss where the court must take all facts pleaded as true. *See Harrington.*, 563 F.3d at 147. Furthermore, whether the custom design was a derivative work is largely irrelevant to Schumacher's copyright claims because the alleged unauthorized copies must be compared to the registered copyrights and not the Highpoint Custom Design. *See Creations Unlimited, Inc.,* 112 F.3d at 816.

Schumacher also sufficiently alleged copyright infringement claims—that (1) it is the owner of the copyrights and (2) the defendants copied them without authorization. *See Peel & Co.*, 238 F.3d at 394. Based on the complaint, Schumacher is the owner of valid copyrights to the

---

[4] (Rec. Doc. 1-4).
[5] (Rec. Doc. 1-2).
[6] (Rec. Doc. 1-3).
[7] (Rec. Doc. 1-3).
[8] Memo. in Support (Rec. Doc. 14-1), pp. 8-10.

"Homestead 1/99" architectural work and "Homestead House Plan" technical drawings.[9] The complaint also alleges that the defendants copied these designs when they developed the blueprints for the Carrolls' new home because the defendants had access to the copyrights through the Highpoint Custom Design and the home has substantial similarities to Schumacher's registered copyrighted designs.[10] *See id.* In a 12(b)(6) Motion, the court must take these facts pleaded as true. *Harrington.*, 563 F.3d at 147. Furthermore, the court cannot complete a side-by-side comparison of the original designs and the allegedly copied design because the allegedly copied designs are not included in the pleadings.[11] Therefore, the Carrolls' Motion to Dismiss the copyright infringement claims will be denied.

### B. *Schumacher's State Law Claims*

Second, the Carrolls argue that Schumacher's state law claims of conversion and unjust enrichment should be dismissed because (1) federal copyright laws preempts the claims and (2) Schumacher failed to allege facts that support the claims. For the following reasons, the Motion to Dismiss the conversion claim will be denied and the Motion to Dismiss the unjust enrichment claim will be granted.

### 1. Preemption

Regarding the Carrolls' preemption argument, "[t]he Copyright Act expressly preempts all causes of action falling within its scope, with a few exceptions." *Daboub v. Gibbons*, 42 F.3d 285, 288 (5th Cir. 1995). A cause of action is preempted if (1) it falls "within the subject matter of copyright" and (2) "it protects rights that are 'equivalent' to any of the exclusive rights of a federal copyright." *Id.* at 289. A state conversion claim that is based on the interference of

---

[9] *See* Compl. (Rec. Doc. 1), para. 16-17.
[10] See Compl. (Rec. Doc. 1), para. 21-26.
[11] The complaint does include external pictures of the Carrolls' finished house, but because this is not the complete copy, the pictures cannot be used for a side-by-side comparison. Exhibit Photos (Rec. Doc. 1-5).

5

*intangible* property is preempted by the Copyright Act, but a conversion claim based on the interference of *tangible* property is not. *See Carson v. Dynegy, Inc*., 344 F.3d 446, 456-57 (5th Cir. 2003). A conversion claim based on the defendant not returning physical plans and drawings is not preempted because the plaintiff has been physically deprived of its property. *See McConley v. Boise Bldg. Sols. Mfg., L.L.C.*, No. CIV.A. 05-1006-A, 2006 WL 709599, at *5 (W.D. La. Mar. 21, 2006). On the other hand, generally "unjust enrichment claims are qualitatively equivalent to a cause of action for copyright infringement and are preempted by the Copyright Act," unless the claims are based on a breach of contract or a fiduciary duty. *Id.* (citing *Dorsey v. Money Mack Music, Inc.*, 304 F. Supp. 2d 858, 865 (E.D. La. 2003); *Asunto v. Shoup*, 132 F. Supp. 2d 445, 453 (E.D. La. 2000)).

Here, the Copyright Act does not preempt Schumacher's conversion claim because the claim is based on the plaintiff's physical deprivation of the Highpoint Custom Design, and the complaint adequately alleges that the defendants possessed documents with the design.[12] The Carrolls contend that the complaint is inadequate because it does not use the language that Schumacher gave the Carrolls the Highpoint Custom Design.[13] However, the complaint alleges that the Carrolls "had access to"[14] the Highpoint Custom Design and that Schumacher "provided"[15] them with the design. In a motion to dismiss, the court must construe the complaint liberally in favor of the plaintiff, and therefore, these allegations are sufficient to allege a conversion of physical property.

---

[12] Compl. (Rec. Doc. 1), para. 62-65.
[13] Reply (Rec. Doc. 23), pp. 7-8.
[14] Compl. (Rec. Doc. 1), para. 21.
[15] Compl. (Rec. Doc. 1), para. 61.

However, Schumacher's unjust enrichment claim is preempted by the Copyright Act because the claim is based on the Carrolls' "use of Schumacher Homes' copyrighted works,"[16] and is not based on a contractual or fiduciary breach. *See McConley*, 2006 WL 709599, at \*5 (citing *Dorsey*, 304 F. Supp. 2d at 865; *Asunto*, 132 F. Supp. 2d at 453).

### 2. Failure to state a claim.

Second, regarding the Carrolls' argument that Schumacher did not allege facts sufficient to support its state law claims, the court analyzes only Schumacher's conversion claim, because the unjust enrichment claim is preempted. Under Louisiana law, a conversion is "[1] an act in derogation of the plaintiff's possessory rights, and any wrongful exercise or assumption of authority over another's goods, [2] depriving him of the possession, [3] permanently or for an indefinite time." *Labbe v. Premier Bank*, 618 So. 2d 45, 46 (La. App. 3 Cir. 1993). The Carrolls contend that Schumacher failed to plead that they had physical possession over any documents. However, as previously discussed, Schumacher's allegations are sufficient to allege that the Carrolls had possession of its physical property.[17] Therefore, Schumacher pleaded facts that support a conversion claim.

### C. *Washington's Indemnification Claim for Copyright Infringement*

The Carrolls argue in their Motion to Dismiss Cross-Claims that Washington cannot bring an indemnity claim for copyright infringement because no such right is provided for by the Copyright Act. "A defendant liable under a federal statute has a right to contribution or indemnification from another who has also violated the statute only if such right arises (1) through the affirmative creation of a right of action by Congress, either expressly or implicitly, or (2) via the power of the courts to formulate federal law." *Envtl. Conservation Org. v. Bagwell*,

---

[16] Compl. (Rec. Doc. 1), para. 67.
[17] *See* Compl. (Rec. Doc. 1), para. 21, 61.

No. 4:03CV-807-Y, 2005 WL 2465003, at *3 (N.D. Tex. Sept. 30, 2005) (quoting *Mags., Inc. v. U.S. Dist. Ct. for the D. of Nev.*, 934 F.2d 209, 212 (9th Cir.1991)). While neither the Supreme Court nor this circuit have definitively stated whether a defendant has a right to indemnify under the Copyright Act, "numerous other courts have held that no such right exists." *Crispin v. Christian Audigier*, Inc., 839 F. Supp. 2d 1086, 1099–100 (C.D. Cal. 2011). *See also Gaines v. Fusari*, No. CIV. 2:11-04433 WJM, 2013 WL 1934664, at *1 (D.N.J. May 8, 2013) ("[N]either federal statutory law nor federal common law provide causes of action for indemnification or contribution in Copyright Act cases."); *Frank Betz Associates, Inc. v. Signature Homes, Inc.*, No. CIV.A. 3:06-0911, 2009 WL 2151304, at *3 (M.D. Tenn. July 13, 2009) ("It is generally, if not entirely, accepted that there is no common law right of indemnification under the Copyright Act."); *Elektra Entm't Grp. Inc. v. Santangelo*, No. 06 CIV 11520 SCR MDF, 2008 WL 461536, at *2 (S.D.N.Y. Feb. 15, 2008) ("[Because] no such rights exist under either the Copyright Act or federal common law…Defendants cannot proceed with their proposed third-party claim of indemnification and/or contribution for copyright infringement."); *Pure Country Weavers, Inc. v. Bristar, Inc.*, 410 F. Supp. 2d 439, 448 (W.D.N.C. 2006) ("[N]o right of indemnification was affirmatively created (either expressly or implicitly) by Congress in the Copyright Act, and … this is not one of the 'limited situations' in which the Court should formulate federal common law to create such a right."). However, courts have held that indemnification claims can be asserted under state statutes, if the statute under which it is asserted is not preempted by the Copyright Act. *See Frank Betz Associates, Inc*., 2009 WL 2151304, at *4; *Pure Country Weavers*, 410 F.Supp.2d at 448–49. For example in *Pure Country Weavers, Inc. v. Bristar, Inc.*, the defendants brought third party indemnification claims based on a violation of a Georgia statute that gave a warranty against infringement. 410 F. Supp. 2d at 448-49. The court allowed

the claim after it determined that the Georgia statute creating the right was not preempted by the Copyright Act. *Id.* at 449.

Washington argues that its indemnification claim based on its potential liability under the Copyright Act is a state law claim.[18] However, the right to indemnify for liability under a federal statue must arise out of that statute or through federal common law. *Envtl. Conservation Org.*, 2005 WL 2465003, at *3 (citing *Mags., Inc.*, 934 F.2d at 212). A state law indemnification claim must be based on a state statute that is not preempted by the Copyright Act. *See Frank Betz Associates, Inc.*, 2009 WL 2151304, at *4; *Pure Country Weavers*, 410 F.Supp.2d at 448–49. Washington presented no argument that its claim for indemnification for the copyright infringement claims was based on a state statute that would not be preempted by the Copyright Act.[19] Therefore, this court follows the reasoning of numerous other courts that have addressed this question and finds that because there is no right to indemnification under the Copyright Act, Washington's indemnification claim for copyright infringement will be dismissed.

D. ***Washington's Indemnification Claim for Conversion and Unjust Enrichment***

Finally, the Carrolls argue that Washington's indemnification claims for the state law claims of conversion and unjust enrichment should be dismissed. As an initial matter, the court will dismiss the indemnification claim for unjust enrichment because as previously discussed the unjust enrichment claim brought by Schumacher is preempted by the Copyright Act. However, Washington's indemnification claim for conversion will not be dismissed.

"Louisiana law allows claims for tort indemnity only when the third-party plaintiff's negligence is passive or its fault is only technical or theoretical." *Threlkeld v. Haskins Law Firm*, 922 F.2d 265, 267 (5th Cir. 1991). An indemnity claim should not be dismissed if "[t]here is [a]

---

[18] Opposition (Rec. Doc. 19).
[19] *See* Opposition (Rec. Doc. 19).

foreseeable combination of findings, viewing the allegations of the pleadings ... in the light most favorable to [the party seeking indemnity], that could result in [that party] being cast in judgment for mere technical or passive fault." *Id.* at 267-68. Because "issues of fault, intent, negligence, knowledge or ignorance, and/or good faith are not involved in actions for tortious conversion," a defendant may be liable for conversion without knowing that the property belonged to another. *Hagberg v. Manuel*, 525 So. 2d 19, 22 (La. Ct. App. 1988) (citing *Lincecum v. Smith*, 287 So.2d 625 (La.App. 3rd Cir.1973), writ refused, 290 So.2d 904 (La.1974)).

In its answer Washington alleges that it had no knowledge that the plans furnished to it by the Carrolls were inspired or created by Schumacher.[20] Based on this theory, Washington could still be technically liable for the tort of conversion because its knowledge is irrelevant, but Washington's liability would be entirely caused by the negligent or intentional acts of the Carrolls. Therefore, Washington's indemnity claim for conversion should not be dismissed because the facts alleged could result in Washington being liable for conversion based principally on the negligent or intentional acts of the Carrolls. *See Threlkeld*, 922 F.2d at 267.

## CONCLUSION

In conclusion, Schumacher has sufficiently pleaded facts to support its copyright infringement claims based on its registered copyrights. Schumacher also pleaded facts to support its state law conversion claim, a claim that is not preempted by federal copyright law. Therefore, the Carrolls' Motion to Dismiss Plaintiffs' Claims (Rec. Doc. 14) will be **DENIED** regarding the copyright infringement claims and the conversion claim. However, Schumacher's unjust enrichment claim is preempted by federal copyright law, and the Carrolls' Motion to Dismiss Plaintiffs' Claims (Rec. Doc. 14). will be **GRANTED** regarding the unjust enrichment claim. Additionally, Washington has sufficiently pleaded facts to support an indemnification claim for

---

[20] Answer (Rec. Doc. 10), para. 74-80.

conversion, and the Carrolls' Motion to Dismiss Cross-Claims (Rec. Doc. 15) will be **DENIED** in regard to that indemnification claim. Washington's indemnification claim for copyright infringement will be dismissed because no such right exists under the Copyright Act, and its indemnification claim for unjust enrichment will be dismissed because Schumacher's unjust enrichment claim is preempted. Therefore, the Carrolls' Motion to Dismiss Cross-Claims (Rec. Doc. 15) will be **GRANTED** regarding the indemnification claims for copyright infringement and unjust enrichment.

Lake Charles, Louisiana, this 24 day of _Sept_____, 2016.

_____
PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

11